DECEMBER TERM, 1843.

THOMAS COTTON v. JANE PARKER, ADM'X. OF JOEL PARKER
(DECEASED.)

It is a valid defence to an action upon a promissory note against the maker, that the note belonged to a deceased person's estate, and that the plaintiff received it in payment of an individual debt of the administrator.

*Quære.* Would the same rule apply, if the note were payable on its face, to the administrator of the deceased's estate ?

A., having purchased property at an administrator's sale of the effects of B., cannot, when B.'s estate is insolvent, buy up the notes of B., to offset them against his debt to the administrator.

Where A. and B. have respectively mutual and subsisting demands against the other; and A. dies insolvent; B.'s debt against A. will be a valid off-set to A.'s debt against B., notwithstanding A.'s insolvency.

THE bill, in this case, was filed to enjoin a judgment at law, and was demurred to generally. The case was submitted to the Chancellor on a motion to dissolve the injunction. The opinion in the case gives all the facts.

*Montgomery*, and *Boyd*, for the motion.

The bill seeks to enjoin a judgment at law, and the fiat of the Judge follows the prayer of the bill. The exhibit filed by complainant shows only the original judgment : but the injunction is so phrased as to enjoin the judgment on the forthcoming bond. We file a full exhibit of the original judgment, and forthcoming bond, injunction, &c. The case appears to be in fraud of the Court. As no hint is made in the bill of the forthcoming bond, and no ground to enjoin the judgment on the bond, even if the attempt had been made, the injunction to that judgment must be dissolved. The case, we think, is exactly one requiring damages.

*Oscar J. E. Stewart*, for complainant.

An elaborate argument in this case is deemed by me unnecessary. As solicitor for complainant, I am content to call the attention of the Court to the allegations of the bill, which are admitted by the

demurrer to be true.    The allegations of the bill, in substance, are : that the judgment enjoined by complainant's bill was founded upon a note given by complainant to Joseph S. M. Lowry, administrator, &c., of John Furniss, deceased, for property of said Furniss sold by said administrator, as administrator aforesaid : that the estate of said Furniss has been reported insolvent, and that the said note was transferred by said administrator to Joel Parker, the intestate of the defendant, in payment of debts due by said Furniss, at the time of his death, and by said administrator, individually : that at the time Lowry paid his debt, and the debt of his intestate, to said Joel Parker, by the transfer of said note, the intestate of the defendant had notice of the complainant's being in possession of the off-sets in the bill mentioned, to the note so improperly and fraudulently transferred.    Such a transfer was a breach of the bond of the administrator ; was a fraudulent appropriation of the assets of his intestate, of John Furniss, deceased, to the payment of his own debts.    The laws will not execute a fraudulent conveyance of any kind, when discovered : and the *devastavit* committed by Lowry, by appropriating the assets of Furniss to the payment of his own debt to Joel Parker, would have been a good defence in bar to the action at law.    See 4 How. p. 237, *Prosser, Appellant v. Leatherman,* and the argument and authorities referred to by Mr. Boyd, counsel in that case.    The bill charges, that at the time of the rendition of the judgment at law, he was ignorant of the manner in which Joel Parker obtained possession of the note, and, consequently, could not plead the facts at law ; and his ignorance of those facts furnishes a ground for the interposition of a court of equity.

The consideration of the assignment was either wholly *good* or *bad, legal* or *illegal.*    The note was a whole, a unit, an entirety; the assignee and assignor could not legally have a title to aliquot portions of the security.    It may be true, that the complainant cannot, according to the doctrine settled by the Supreme Court in the case of *Cade* v. *Whitehead,* be allowed to avail himself of his off-sets in bar.    But the question as to the fraudulent assignment by the administrator, which is admitted as true by the demurrer, and proven by exhibit, remains ; and as the intestate of defendant under

the fraudulent assignment never had cause of action, his administrator has none. An allegation of fraud must be answered. 5 How. 364, *Niles* v. *Anderson.* Facts amounting to fraud must be answered. 4 How. 436, *Parham, et al.* v. *Randolph, et al.* The facts charged amount to fraud, according to the doctrine in the case of *Prosser* v. *Leatherman,* administrator, before recited, and should be answered.

CHANCELLOR. The complainant purchased from the estate of John Furniss, deceased, at the administrator's sale, property to the amount of seventeen hundred and fifty dollars, for which he gave his promissory note. This note was afterwards put in suit, and a judgment obtained thereon, in the name of Jane Parker, administratrix of Joel Parker, deceased. This bill is filed to enjoin that judgment, upon the following grounds :

*First.* That the administrator of Furniss, to whom the note was payable, wrongfully transferred it to Parker for the purpose of paying a debt due in part from the estate to Parker, and in part for the purpose of paying a debt due from the administrator, individually, to said Parker.

*Second.* That the complainant had, before the commencement of the suit against him, *possessed* himself of the promissory notes made by Furniss in his lifetime, to a greater amount than his note given to Furniss's administrator ; that these notes were placed in the hands of an attorney for the purpose of being set off against the one upon which the judgment was obtained ; but that the attorney, through mistake, failed to plead said notes as a set-off, but put them in suit against the indorser thereof, and obtained judgment thereon.

*Third.* That the estate of Furniss is insolvent, and that the transfer of complainant's note to Parker by the administrator, in satisfaction of Parker's claim on the estate, gave him an unjust preference.

1. It was held by the Supreme Court, in the case of *Prosser* v. *Leatherman* (4 How. Rep. 237), that it is a good defence at law to an action on a promissory note, that the note belonged to the estate of a deceased person, and that the plaintiff received it of the administrator in payment of an individual debt due by the latter.

In that case, the note was payable and due to the intestate in his lifetime; here, the note was payable to the administrator himself. It is unnecessary for me to decide whether this difference in the character of the two notes would vary the application of the principle laid down by the Supreme Court, or not. It is sufficient that it was held to be a legal defence, and that the complainant neither made that defence, nor instituted or directed it to be made, nor shows any cause for his failure to do so. The defence, which he says in his bill he instructed his counsel to make, was that of a set-off. It is unnecessary to decide whether the mere misapprehension of his counsel constitutes a sufficient excuse for his neglect to make that defence at law, or not ; because he states himself out of court, by showing that the estate of Furniss has been declared insolvent by the court having jursdiction of the administration thereof. The complainant, having become indebted to the estate by purchase from the administrator, cannot, either at law or in equity, set off any indebtedness of the intestate, arising in his lifetime, against that demand, after the estate has been declared insolvent. He must submit to share his *pro rata* dividend with the other creditors. If the rule were otherwise, the policy of the law relating to the distribution of insolvent estates might be totally defeated. One creditor would only have to watch the sale of the estate, and purchase to the amount of his claim, and then set off one debt against the other, and leave the other creditors to share a meagre and fractional dividend. Such an expedient would be a fraud on the law, and can find no sanction in the courts charged with its administration. If the demands were mutual and subsisting during the lifetime of the intestate, the rule would be different, notwithstanding the insolvency of the estate. In that case, one debt would be considered as extinguishing the other during the lifetime of the intestate, and the debt due him could not, of course, be regarded as assets in the hands of his administrator. The motion to dissolve the injunction must be sustained.